**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2860
_____

RAMON LASHAWN MILLIGAN,
Appellant

v.

CORPORAL ALEX JACOB; MOUNT OLIVER POLICE DEPARTMENT;
CORPORAL ADAM CANDIOTO; OFFICER BRIAN PRUNTY;
OFFICER ANDREW GUERRIERO; BOROUGH OF MOUNT OLIVER

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil Action No. 2:18-cv-00496)
District Judge: Honorable Cathy Bissoon

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 19, 2020
Before: CHAGARES, PHIPPS and COWEN, Circuit Judges

(Opinion filed: October 22, 2020)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Ramon LaShawn Milligan appeals from the District Court's dismissal of his claims. For the reasons that follow, we will affirm the District Court's judgment.

## I.

In 2018, Milligan was arrested in Mount Oliver, Pennsylvania, after he refused to comply with a police officer's directive to leave the scene of a verbal altercation with another individual.[1] Milligan alleged that he had overheard the other individual use a racial epithet toward a third person and that Milligan had intervened to tell the man who used the epithet to watch his language. The other individual left the scene after four officers separated Milligan and the other individual and took their information. Milligan, however, did not leave the scene of the dispute, despite several warnings that he would be arrested if he did not leave. Milligan was ultimately arrested and charged with several offenses; he subsequently pleaded guilty to summary offenses of disorderly conduct and harassment.

Days after pleading guilty, Milligan filed a complaint in the District Court alleging civil rights violations and a variety of other claims based on his arrest. He claimed that he was treated less favorably than the other individual, who left the scene, and that his arrest was not supported by probable cause, despite his later guilty plea admitting to his actions underlying the arrest. Milligan named several police officers, the Mount Oliver Police Department, and the Borough of Mount Oliver as defendants. Defendants moved

---

[1] Because we write primarily for the benefit of the parties, we will recite only the facts necessary for our discussion.

to dismiss Milligan's complaint.  Adopting a Magistrate Judge's report and recommendation to which Milligan did not object, the District Court dismissed Milligan's claims without leave to amend.  Milligan timely appealed.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  Because Milligan failed to object to the Magistrate Judge's report despite a proper warning, we review the District Court's dismissal of his claims for plain error.  See Brightwell v. Lehman, 637 F.3d 187, 193 (3d Cir. 2011).

III.

We discern no plain error in the District Court's dismissal of Milligan's claims. First, Milligan's Fifth Amendment claims and his claims under the Pennsylvania Dragonetti Act, as well as his claims against Mount Oliver Police Department as a party, were properly dismissed because Milligan withdrew them in his dismissal response.

Next, all of Milligan's remaining constitutional claims — fundamentally alleging that he was arrested without probable cause — were correctly dismissed.  As the District Court explained at greater length, Milligan cannot state a constitutional claim because he admitted to the facts underlying his disorderly conduct and harassment charges when he pleaded guilty, as well as in the factual allegations of his complaint.  See Hartman v. Moore, 547 U.S. 250, 265 (2006); Thomas v. Indep. Twp., 463 F.3d 285, 296 (3d Cir. 2006); Gottlieb ex rel. Calabria v. Laurel Highlands Sch. Dist., 272 F.3d 168, 172 (3d Cir. 2001); Orsatti v. N.J. State Police, 71 F.3d 480, 482-83 (3d Cir. 1995); Groman v. Twp. of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995).  Milligan cannot state a claim

3

against any individual officer for failure to intervene where he cannot state an underlying constitutional claim. See Smith v. Mensinger, 293 F.3d 641, 650 (3d Cir. 2002). Similarly, because Milligan cannot state an underlying constitutional claim against any individual defendant, his municipal liability claims against the Borough were properly dismissed. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-92 (1978); Williams v. Borough of W. Chester, 891 F.2d 458, 467 (3d Cir. 1989).

Milligan also alleged a violation of 42 U.S.C. § 2000a, which prohibits discrimination in places of public accommodation, but as the District Court properly concluded, Milligan admitted that he was removed due to his disorderly conduct. Additionally, for a variety of federal and state criminal statutes and state procedural rules that Milligan listed in his complaint, the District Court properly concluded that those rules and statutes did not provide a private right of action for Milligan.

Given Milligan's allegations, the District Court did not abuse its discretion in concluding that it would be futile to grant Milligan leave to amend his complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Although Milligan contests the dismissal of his claims, he has not provided additional factual allegations in any of his filings that would permit his claims to proceed.

For the reasons above, we will affirm the judgment of the District Court.